**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GLENFORD PRINCE, a.k.a. Dwayne
Stewart,

               Petitioner,

  v.

ERIC H. HOLDER, Jr., Attorney General,

               Respondent.

No. 11-72454

Agency No. A045-876-676

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

    Glenford Prince, a native and citizen of Jamaica, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for protection under the

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT") and rejecting his untimely brief. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008), and de novo claims of due process violations in immigration proceedings, *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's denial of Prince's CAT claim because he failed to establish a likelihood of torture by, at the instigation of, or with consent or acquiescence of the government if returned to Jamaica. *See Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007).

We reject Prince's contention that the BIA violated his due process rights by failing to accept his untimely brief because the BIA gave Prince prior notice of the briefing schedule, and his failure to file a timely brief was not due to the actions of the BIA. *See Zetino*, 622 F.3d at 1013-14.

Finally, we lack jurisdiction to consider Prince's ineffective assistance of counsel claim because he failed to properly exhaust it before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**